35850. EXCHANGE INSURANCE ASSOCIATION, v. MATHEWS.

Decided January 10, 1956—Rehearing denied February 17, 1956.

472

*Nall, Sterne, Miller, Cadenhead & Dennis, A. Walton Nall,* for plaintiff in error.

*Zack D. Cravey, Jr.,* contra.

NICHOLS, J. The assignments of error in the bill of exceptions which relate to the findings of fact, opinion, and judgment of the trial court amount to nothing more than the general grounds of a motion for new trial, and will be considered as such.

1. The first question for consideration is whether or not the policy of insurance was in effect at the time of the wreck. From the undisputed evidence it is readily apparent that after more than a month had passed from the date of the wreck the insurance company issued an amendment to the liability policy changing the coverage from the automobile originally "covered" to the automobile being driven by the defendant at the time of the wreck. This amendment, although dated February 5, 1953, ex-

pressly provided that it was effective from November 14, 1952, which was prior to the date of the wreck. At the time this amendment was issued the garnishee had knowledge of the fact that there had been a wreck in which the defendant was involved, and although at the time this information was received by the garnishee there is no evidence that all the information concerning the wreck was in its possession it was certainly put on notice that there might be a claim arising against the insured as a result of the wreck, and when it issued the amendment retroactive to November 14, 1952, it must be said that it had notice certainly sufficient to put it on inquiry as to everything which it later discovered. Code § 37-116.

2. The question is raised as to whether or not the "insured" had an insurable interest in the event. The original policy, although issued primarily to Fred B. Wade, showed, by amendment that wherever the word "insured" was used in the policy it also included "Mrs. Lois Gilbert Wade", and the evidence is undisputed that she had an insurable interest in the event. Therefore, there is no merit in this contention of the garnishee.

3. The garnishee contends that there was no evidence that the "insured" complied with the provisions of the policy with respect to the report of the accident as required by the policy. Under the ruling in the first division of this opinion the insurance company was chargeable with having full knowledge of the wreck at the time that it issued the amendment to the policy. The policy provided that the report of the accident would be given as soon as practicable. Certainly, by issuing the amendment retroactive to a date prior to the wreck, the company, in view of the information in its hands at that time, was bound to have considered that the "insured" acted reasonably in reporting the accident to it, or is at least bound to have waived the full report of the accident as required by the policy. Accordingly, this contention of the garnishee is without merit.

4. In further support of its contention that the judgment was contrary to the evidence the garnishee argues that the defendant was bound under Code § 20-1410 to lessen the damages as far as was practicable by the use of ordinary care and diligence, and that where, as here, a law suit for many thousands of dollars is filed against a person, ordinary care requires that the person so

sued should defend it, and by the defendant's failure to defend the suit she was not exercising ordinary care. The question here presented is ordinarily a question for the jury, or in the present case a question for the trial judge, he hearing the case without the intervention of a jury. The opinion of the trial judge is supported by evidence that the defendant exercised ordinary care and diligence, and there was evidence as to why the defendant did not defend the suit against her. Therefore, this contention of the garnishee is without merit.

5. In view of what has been said in the preceding divisions of this opinion the trial court did not err in refusing to admit into evidence testimony as to how the wreck occurred.

6. Assuming but not deciding that the trial court erred in admitting into evidence a report of the accident made on the day of the wreck, this alone would not require a reversal of the judgment of the trial court in view of his ruling that the judgment which he rendered would be the same whether this report was in evidence or not and since there was other evidence on which his judgment was based.

7. The question raised as to whether or not the evidence supported a finding that the McKenney Insurance Agency was an agent or broker of the garnishee after the death of Marchman McKenney need not be decided in view of the rulings in the previous divisions of this opinion.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*