### 40627. ERICSON v. HILL.

760

Decided May 27, 1964.

*Poole, Pearce & Hall, William F. Lozier,* for plaintiff in error.
*Nall, Miller, Cadenhead & Dennis, Edward S. White,* contra.

BELL, Presiding Judge. ■ The plaintiff in error insists that the settlement acquired by the insurer from the one she sues which purports to release her from all liability arising from the automobile collision is not binding on her for the reasons that it was not secured with her knowledge or approval, that she had no contractual relationship with the insurer, and that the insurer was not acting as her agent in making the settlement. These contentions have no merit.

While the insurance contract has not been made a part of the record in this case, the admissions and the evidence show conclusively that Mrs. Ericson was an insured under the policy though she was not the named insured. In this capacity she was not a party to the contract. She was merely a third party beneficiary who had an independent power of election and one who was under no contractual duty either to the named insured or the insurer. At that point, had she wished to do so, she could have decided to reject the insurance coverage offered her by the contract of others. If she had followed that course, then nothing done by either the named insured or by the insurer could have affected her private rights. But once having chosen to invoke the coverage after the event insured against occurred, as she

did, she became bound by the terms of the agreement and neither she, the insurer, nor the named insured could thereafter materially modify or change the contract so as to affect her rights except by the mutual accord of all three. *Liner v. Travelers Ins. Co.,* 50 Ga. App. 643, 645 (180 SE 383). Mrs. Ericson's election served to vest in her the privilege of the liability coverage sanctioned by the policy agreement. In turn this right of coverage, arising as it did from the contract, is impressed with the restrictions imposed by the contract's terms. One of these restrictions, as shown by the pleadings and the evidence, is that "Allstate . . . may make such settlement of any claim or suit [against any insured] as it deems expedient." It was established in *Aetna Cas. &c. Co. v. Brooks,* 218 Ga. 593 (129 SE2d 798) that similar language in an automobile liability insurance policy authorized the insurer *as agent for the insured* to make settlement of any claim against its insured with or without the consent, ratification or knowledge of the insured. The *Brooks* case held further, that where settlement was made by the insurer in that capacity, the settlement was binding on the insured and barred any action on the cause which the insured might bring against the other party to the release agreement. These holdings control adversely to the plaintiff in error the only issues raised in this case.

■ It is not necessary for us to consider whether the report of the collision rendered by the plaintiff in error to the insurer on the day following the accident is sufficient to constitute the required notice under the terms of the policy and thus adequate to constitute her election to invoke the liability coverage the contract offered her. Whether the report was enough or not is immaterial, as the record shows by admission and evidence that the plaintiff in error, after the counterclaim was filed, requested the insurer to defend her and insisted that the insurer pay any judgment which might be rendered against her on the counterclaim. These demands served effectively, on their acceptance by the insurer, to constitute her election to seek the protection of the policy and to ratify the settlement previously taken by the insurer.

■ We are aware of the provisions in Ga. L. 1963, pp. 643-644, which otherwise might bear on the issue here had not the contractual rights of the parties accrued prior to its passage and effective date.

The trial judge properly granted the defendant's motion for summary judgment and entered judgment in his favor.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*