48173. STONEWALL INSURANCE COMPANY v. FARONE.

HALL, Presiding Judge. This is a suit by an injured plaintiff, Farone, against the tortfeasor's liability insurance carrier, Stonewall Insurance Company, which comes before this Court on a certificate of immediate review from the court below which denied Stonewall's motion for summary judgment.

The record shows that on March 5, 1972, while riding as a passenger in an automobile driven by one Boyd, alias Campbell, appellee was injured. Campbell was covered by an automobile liability policy issued by Stonewall Insurance Company, appellant here, which was sold to him by W. W. Colson Insurance Agency. At the top of the first page of the policy, immediately below Stonewall's name and address and immediately opposite the name of the insured appeared a box headed "For Service Contact:" followed by the name and address of the Colson Agency. (The Colson Agency had also sold insurance to Farone.) Appellee Farone was hospitalized for a number of days, during which time he telephoned Mr. Colson and discussed the wreck, as did his attorney. Campbell also telephoned Colson during this period of time, but the record does not show why.

Subsequently, Farone brought suit against Campbell, and service

on Campbell was perfected April 7, 1972. Farone contends, and Stonewall does not controvert, that on or about the date of April 7, 1972, Farone's attorney telephoned Colson and was told that the insurance company denied the existence of an insurance contract on Campbell and denied all coverage or liability. On May 17, 1972, Farone's attorney again telephoned Colson and on that day mailed a letter to him stating ". . . we understand that you have the public liability insurance in this case and the purpose of this letter is to place you on notice. Enclosed is a copy of our suit." This letter and its enclosure were received in Colson's office sometime during the day of May 22, 1972, which was the 45th and last day after service on Campbell during which some answer might have been filed, some extension of time sought, or some other action taken to prevent the suit's going by default, Campbell having made no answer. No answer was made or other action taken by Campbell or the company, and this default having settled the question of Campbell's liability, the issue of damages was tried on or about June 7, 1972 by a jury which rendered a verdict for Farone in the amount of $100,000.

On October 13, 1972, after determining that neither Campbell nor any assets of Campbell could be located within the jurisdiction, Farone brought suit against Stonewall under the liability policy, and Stonewall in its answer raised defenses based upon an alleged failure by the insured to give adequate notice of the crash and similar failure to forward to the company copies of suit papers.

The liability policy in question provided in pertinent paragraphs of the policy conditions that, "8. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses. 9. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. 12. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy . . ."

Stonewall moved for summary judgment on the ground that it had no liability because of insured's failure to abide by these policy

provisions, and introduced in its behalf the affidavit of Jobe, its vice president and claims manager, asserting that Campbell, the insured, had failed to give to the company or any of its authorized agents notice of the accident and suit papers. The affidavit further stated that Stonewall had first learned of the occurrence on May 25, 1972, when Farone's attorney's letter of May 17 had reached its office. By implication, therefore, Stonewall denied that Colson was its agent.

A counter-affidavit was introduced by Farone's attorney in opposition to the motion, detailing certain telephone contacts with Colson and letters concerning the crash which had been made and sent as outlined above.

In a decision accompanied by a written opinion, the trial judge denied the motion for summary judgment finding that fact issues remained for determination. He granted Stonewall a certificate of immediate review.

We see two main issues in this case. First, there is the question whether only the insured may give the insurer notice or forward suit papers, or whether an injured plaintiff may do so. Second, if the injured plaintiff may do so, did the forwarding of a copy of the complaint to Stonewall here take place within a time period which was reasonable in view of all the circumstances?

On the question of who may give notice, we have discovered no Georgia case involving facts in which notice and copies of suit papers were timely provided by an injured plaintiff to the defendants' liability carrier; and therefore we find no rule to the effect that such notice and forwarding of papers would be inadequate because not done by the insured. We do find cases reciting that giving of notice and forwarding of process by the insured is a condition precedent to the company's liability, and holding for the insurance company on that ground. However, these cases generally fall into two categories. There are those in which the plaintiff who loses because the insured did not forward papers *is* the insured, e.g., *Sims T. V., Inc. v. Fireman's Fund Ins. Co.*, 108 Ga. App. 41 (131 SE2d 790), in which event it is plaintiff's own failure which bars his claim; and there are those cases in which *no one* gave notice and suit papers to the company until after plaintiff's case against the insured had gone into default, so that this late notice could do the company no real good, e.g., *Ballew v. State Farm &c. Ins. Co.*, 122 Ga. App. 417 (177 SE2d 172); *Hardware Mut. Cas. Co. v. Scott*, 116 Ga. App. 637 (158 SE2d 275); *Employees Assur. Soc. v. Bush*, 105 Ga. App. 190 (123 SE2d

908); *Cooper v. Glens Falls Indem. Co.,* 93 Ga. App. 127 (91 SE2d 120).

Thus, there appears to be no Georgia case in the liability insurance area ruling on the question whether the injured plaintiff may give notice and forward process. *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819) does not decide the question, because the facts there did not show that process had been forwarded to the insurance company by anyone. However, an affirmative answer to the question would seem to be signaled by *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 311 (138 SE2d 433) which clearly indicates that one claiming to be an additional insured under the insured's liability policy may give the required notice and forward the papers.

Moreover, authority from other jurisdictions is abundant and shows the better view which is that it makes no difference who gives the notice, so long as a reasonable and timely notice is given the company and it has actual knowledge of the pendency of a claim or suit. See 8 Appleman, Insurance Law and Practice § 47-38 (1942, Supp. 1973); Annot., 18 ALR2d 443, 458, § 9 (1951 and Later Case Service). "Notice may be given and process forwarded by the insured or by the person injured; and it is sufficient if received by a duly authorized agent of the company." 45 CJS 1253, Insurance, § 1051 (1946, Supp. 1972) (citing cases from 10 states and federal jurisdictions).

We hold that adequate and timely giving of notice and forwarding of papers by Farone here would be adequate to invoke coverage under Campbell's policy. This raises the second issue, which is whether the May 17 telephone call to Colson and the letter enclosing a copy of the suit mailed that day and received by Colson on the last day before default, constitutes timely notice. On the record now before us we cannot determine the answers as a matter of law; there are determinations to be made here by the trier of fact upon conflicting evidence. One significant issue is whether Colson was an authorized agent of the company, or whether even if he was not he nonetheless held himself out as such or whether Stonewall allowed him so to hold himself out. Stonewall's affidavit simply fails to address this question at all, though Colson, in his deposition, denied that he was an authorized agent.

If Colson was an agent, Stonewall had received a copy of suit before default. If he was not, Stonewall did not receive a copy of suit until after default. In either event, we think, the trier of fact

should decide whether process was forwarded with reasonable timeliness under all the circumstances. This is usually a question of fact for the jury. *Employees Assur. Soc. v. Bush,* 105 Ga. App. 190, 195 (123 SE2d 908); 8 Appleman, supra, p. 22, § 4734. An important circumstance is Farone's allegation that when first notified of this claim or occurrence, Colson denied liability and denied coverage. If adequately proved, this could constitute a waiver of the company's right to receive further notice or process, or raise an estoppel against it to complain of the lack thereof. See, e.g., *Employees Assur. Soc. v. Bush,* 105 Ga. App. 190, supra; *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474); *Exchange Ins. Assn. v. Mathews,* 93 Ga. App. 470 (92 SE2d 121); *Gilley v. Glens Falls Ins. Co.,* 81 Ga. App. 71 (58 SE2d 218). Cf. *General Accident Assur. Corp. v. Azar,* 103 Ga. App. 215 (119 SE2d 82); 16 Encyc. of Ga. L., Insurance, p. 245, § 185 (1969, Supp. 1971). See generally, Annot., 18 ALR2d 443, 491, § 31; 45 CJS 1287, Insurance § 1062 (1946, Supp. 1972).

*Judgment affirmed. Evans and Clark, JJ., concur.*

SUBMITTED MAY 8, 1973 — DECIDED JUNE 27, 1973 — REHEARING DENIED JULY 25, 1973 —

*Young, Young & Ellerbee, F. Thomas Young,* for appellant.
*Bennett, Saliba & Yancey, Jim T. Bennett, Jr.,* for appellee.