American Interstate appeals from a judgment of the Circuit Court of Etowah County declaring that it was obligated to defend Holliday in a tort action arising from an automobile accident. We reverse.
On July 13, 1977, in Etowah County, Alabama, an accident occurred between automobiles operated by Holliday and James Leach, causing alleged bodily injuries to Leach and three others. A letter from a Gadsden attorney, dated July 25, informed Holliday that he represented the injured; that if he had liability insurance coverage "turn this letter over to your insurance company" and have its officials contact him within 10 days. On August 5, American Interstate responded to the attorney's letter saying: "Our preliminary investigation of this accident indicates that your client is liable for our insured's damage. Please forward any evidence to the contrary to my attention, as well as full information on the extent of your clients' injuries."
Holliday, sued August 9, received the summons and complaint on August 13. These papers were not forwarded to American Interstate by Holliday. Instead, they were delivered to an attorney in Gadsden by his sister. This attorney withdrew from the case without ever talking with Holliday. Holliday went to see another attorney in Gadsden about the suit. Holliday says that he was told by this attorney that the case was "settled or something."
On October 25, an independent adjuster engaged by American Interstate to investigate certain details of the loss, talked with Holliday by telephone. He stated that Holliday mentioned that a law suit resulting from the July 13 accident had been filed against him and that the suit papers were in possession of an Alabama attorney. The adjuster told Holliday to "get hold of those papers and turn them over to the insurance company."
On March 28, 1978, American Interstate filed its bill praying for an order that it was not obligated to defend because Holliday did not forward the suit papers to it pursuant to the terms of the insurance contract. Holliday answered that American Interstate had been notified of the suit as requiredby law. After taking testimony, the trial court decreed that American Interstate was obligated to defend Holliday.
American Interstate and Holliday stipulate that the company is a Georgia corporation, and that Holliday was a Georgia citizen when the policy was issued to him. (Holliday was a resident of Alabama on the date of the accident.) We, therefore, decide the issue of the obligation to defend, pursuant to Georgia law.
The notice provision of the policy provides:
 "3. Notice. . . . If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. . . ."
The term "immediately forward to the company" has been construed by the Georgia courts to mean reasonable diligence and within a reasonable length of time in view of attending circumstances of each particular case. Bituminous CasualtyCorporation v. J.B. Forrest Sons, Inc., 132 Ga. App. 714,209 S.E.2d 6 (1974). And, what is reasonable diligence and reasonable time? Bituminous holds that the courts will examine the insured's explanation for delay in forwarding the summons. In this case, there is neither evidence of a reasonable excuse by Holliday nor any explanation of why he did not forward the suit papers to the company. Even though he was told on October 25, 1977, by the independent adjuster to forward the suit papers to the company, he did nothing. *Page 703 
Holliday contends that notice of the accident complies with the condition of forwarding the suit papers to the insurance company. In Employees Assurance Society v. Bush,105 Ga. App. 190, 123 S.E.2d 908 (1962) the court stated that "Notice of one event does not necessarily give notice of the second event, unless it can be said that the second event is a natural incident of the first." We interpret the phrase "natural incident of the first" to mean that the insured complies with both conditions, when before he gives notice of the collision, he is sued, and after that, he gives notice of the suit, thus complying with both conditions. There is no question about the notice of the collision, but the condition of forwarding the suit papers has never been complied with. Holliday had the opportunity to forward the suit papers as late as October 25, 1977, the date he talked with the insurance adjuster, and had he forwarded the papers then or shortly thereafter, his position would be more tenable.
Holliday further contends that by American Interstate's letter to his lawyer, the company waived any right to receive further notice or process, citing Stonewall Insurance Companyv. Farone, 129 Ga. App. 471, 199 S.E.2d 852 (1973). That letter neither denies liability nor does it deny coverage. It left open a negotiable opportunity for that attorney — an opportunity he failed to pursue, even to the point that he, under the authority of Stonewall, while representing the insured plaintiffs, could have forwarded the suit papers to American Interstate himself, and thus be in compliance with the terms of the contract.
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and BEATTY, JJ., concur.