62078. LEVENTHAL et al. v. AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA.

DEEN, Presiding Judge.

Levanthal brought an action for personal injuries resulting from the crash of an airplane he was piloting, naming as defendants Pro-Travel, Inc., the owner of the plane; John Wesley Weekes as administrator of the estate of William Stewart (an employee of Pro-Travel and pilot killed in the crash) and others not necessary to this decision. Mrs. Leventhal thereafter filed a companion complaint. Naming all parties as defendants, American Bankers Ins. Co. of Fla. brought a declaratory judgment action acknowledging a policy of insurance covering Pro-Travel, Inc. but seeking a judgment affirming its contention that under the circumstances it had no duty to defend the action against Stewart, designated by name as an additional insured. From a judgment in favor of the insurer the defendants appeal.

1. *The Policy.*

The insurer, contending that the Stewart estate failed to comply with conditions precedent to the policy, cites the following policy provisions: "No action shall lie against the Company unless as a condition precedent thereto the insured shall have fully complied with all the terms of this policy." "If claim is made or suit is brought against the insured, the insured shall immediately forward to the Aviation Managers every demand, notice, summons or other process received by him or his representative." This policy has no definition for the phrase "the insured." It defines "Named Insured" as the individual named in the declaration; i.e., Pro-Travel, Inc., and it designates by name without further definition, Leventhal and Stewart as "additional insureds." The insurer concedes receiving prompt notice and suit papers from Pro-Travel, Inc. in the Leventhal cases, which papers informed it that its insured Stewart who was killed in the crash was a co-defendant and that the action against

Pro-Travel was based on the alleged negligence of Stewart.

2. *The Chronology.*

The crash occurred in May, 1975. The Stewart estate was without administration until May 16, 1977, when Weekes was appointed. The first Leventhal action was filed the same month, went into default as to the Stewart estate, and the default was opened by Weekes on August 22, 1977. The following month, on September 6, 1977, appellee filed its declaratory judgment suit. Leventhal filed an answer; the case against Weekes went into default. In April of 1980 the insurer filed a motion to open the default against the Stewart estate setting out substantially the following: that Weekes made no response to the original complaint filed in September, 1977 "having been taken seriously ill and having been replaced as administrator of said estate after having been served with" an amendment dated September, 1979; that Weekes died on November 28, 1979; "that such failure to respond has resulted in the default of John Wesley Weekes, Administrator of the Estate of William L. Stewart, but that such failure in light of the circumstances is excusable" and praying that in the interests of justice the default should be set aside and Charles Weatherly, administrator d.b.n. be substituted as a defendant in the declaratory judgment action. This motion was granted. A bench trial followed in 1980 resulting in a judgment in favor of the insurer.

3. *The Question of Notice of the Tort Action.*

The trial court properly held in his conclusions of law: "The insurer had, from the owner of the aircraft, immediate notice of the pendency of the lawsuit against the owner of the aircraft, Pro-Travel. A full and ample investigation of the matter was conducted by the insurer and it has at all times been actively involved in the investigation of the incident and the defense of the same lawsuits in behalf of the aircraft owner. . . This Court concludes that notice of the crash itself was given on a timely and adequate basis to the insurer and is effectual as to all insureds whether 'named' or 'named additional' or 'omnibus additional.' Such notice need be given only once and inures to the benefit of all 'insureds.' " This was established in *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471 (199 SE2d 852) (1973), where it was held that "it makes no difference who gives the notice, so long as a reasonable and timely notice is given the company and it has actual notice of the pendency of a claim or suit." See also *Kitt v. Shield Ins. Co.,* 240 Ga. 619 (241 SE2d 824) (1978). The Stewart estate is not foreclosed by any failure to give notice of the wreck.

4. *The Forwarding of Suit Papers.*

As the trial court noted, Georgia case law has held practically without exception that any person designated an "additional

insured" in a policy taken out by another must both elect coverage and comply with all policy conditions or the insurer will have no duty to him under the policy. In *Hicks v. Continental Ins. Co.,* 146 Ga. App. 124 (245 SE2d 482) (1978), the tortfeasor was driving a substitute vehicle while her own was being repaired. She was described as a "third party beneficiary"; her failure to notify the insurer of her election of coverage or to forward suit papers was fatal to her claim. In *Southeastern Stages, Inc. v. General Fire & Cas. Co.,* 151 Ga. App. 487 (260 SE2d 399) (1979), the appellant was the lessee and operator of a bus owned by the named insured, Greyhound Lines, Inc. There was no notice of claim, except a printed form by one performing medical services for which it sought subrogation against Greyhound; Southeastern was not mentioned at all, and no suit papers were forwarded. These cases and others like them obviously reached a proper result. They dealt with entities having disparate interests which might well have chosen to rely on their own insurance protection, and the cases do little more than point that if the insurer cannot (as is settled law) force a third party to relinquish a right by treating it as an insured without its consent, such third party has a right of election. Georgia case law has, however, carried the rule to the extreme of holding that under the circumstances arising therein the failure to give notice and forward suit papers will result in no coverage whether the insurer was in fact informed or not and whether the action prejudiced it or not. See, for example, *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819) (1970); *Ballew v. State Farm Mut. Auto. Ins. Co.,* 122 Ga. App. 417 (177 SE2d 172) (1970); *Bituminous Cas. Corp. v. J. B. Forrest & Sons, Inc.,* 132 Ga. App. 714 (3) (209 SE2d 6) (1974).

The present case is distinguishable in several crucial respects. In the first place, the tort action against Pro-Travel, Inc. is based entirely on the alleged negligence of Stewart on the theory of respondeat superior. Stewart, had he lived, would obviously have looked to the policy in which he was named as an insured to cover him while piloting a Pro-Travel airplane for either business or pleasure, as this was exactly what the policy was tailored to do. Although Stewart was not a "named insured" of which there could be only one by policy definition, he was indeed an insured especially named in a policy designed to cover exactly the misadventure which occurred. There is no question here of a reluctant insured. Thirdly, the insurer had and admits immediate notice of the accident, the lawsuit, the suit papers, and the fact that Stewart was a named defendant. Since it acknowledged coverage on behalf of Pro-Travel, and since Pro-Travel's defense depended entirely on Stewart's liability *vel non* it is clear that from the beginning its defense of Pro-Travel merged

with a defense of Stewart.

Next, we have the question of time. The Stewart estate could not be sued until an administrator was appointed. Leventhal's suit was filed the same month Weekes was appointed, May, 1977. The insurer, alleging noncoverage, filed its complaint for declaratory judgment the following September 6, less than four months later. If this is not in itself sufficient to establish that there was no material failure to meet policy conditions, let us finally consider the actions of the appellee. Finding the Stewart estate in default in the declaratory judgment action, and anxious to have it a party to the proceedings and thus unequivocally bound by the judgment rendered, appellee American Bankers itself moved to open the Stewart estate default, and to do so it necessarily took the position that the failure to answer the declaratory judgment suit was due to the illness of Administrator Weekes and was therefore excusable and in the interests of justice should be corrected. However, the default in this action occurred thirty days after the filing of the suit on September 6, 1977. That date, October 6, 1977, is less than five months from the filing of the Leventhal tort suit on May 16, 1977. If Weekes was so ill that it was excusable to let the ·second suit go in default, he might well be supposed to be in the same state five months earlier; his death in fact occurred in November, 1979, over two years later. It would thus appear that by taking this position in order to obtain the Stewart estate as a defendant on the merits in the declaratory judgment suit a suitable excuse has also been established by the plaintiff for the failure of Weekes to forward the Stewart copy of the suit papers in June of the same year.

Georgia, in the few cases decided on this point, appears to be in that minority of states which places a strict construction on the above quoted clauses of the policy in favor of the *insurer* rather than of the insured. The general rule (and apparently the universal rule where the party litigant is an additional insured in a situation where the named insured is liable, if at all, on grounds of *respondeat superior*) is that the purpose of the provisions of notice and forwarding of suit papers is to allow the insurer to defend the action, not to provide an escape hatch for it to escape its commitments. Where the insured complies with the policy provisions and the insurer is fully and immediately informed of the situation, the failure of an additional insured to give notice or forward suit papers will not normally, absent any prejudice to its powers of defense, be held to deny coverage to the detriment of the injured third party. See Indemnity Ins. Co. v. Forrest, 44 F2d 465 (1930); Members Mut. Ins. Co. v. Benefield (Ark.) 499 SW2d 608 (1973); Thompson v. Glover (Ill.) 253 NE2d 132 (1969); Miller v. Marcantel (La.) 221 S2d 557 (1969); Allstate Ins. Co. v.

Grillon (N.J.) 251 A2d 777 (1969); Cohen v. East Coast Ins. Co. (N.Y.) 283 NYS2d 371 (1967); Brown v. Donders (Ohio) 326 NE2d 647 (1975); Pickering v. American Emp. Ins. Co. (R.I.) 282 A2d 584 (1971); Factory Mut. Liability Ins. Co. v. Kennedy (S.C.) 182 SE2d 727 (1971); Burr v. Lane (Wash.) 517 P2d 988 (1974); Campbell v. Continental Cas. Co., 170 F2d 669 (1948); Royal Indemnity Co. v. Pearson (Ala.) 246 S2d 652 (1971); Rep. Mut. Ins. Co. v. State Farm &c. Ins. Co., 413 FSupp. 649 (1976).

We accordingly hold that, whatever the general rule in Georgia may be, each case should be decided under its own facts. Where an action against an employer as named insured is based on the alleged negligence of an employee also covered by the policy, the presumption that the employee waives coverage unless he actively solicits it will not apply. Such an employee does not forfeit coverage by failure to make an immediate forwarding of suit papers if the circumstances show (1) that the insurer has in fact received timely notice of the accident, the claim and pendency of the suit from the named insured; (2) the defense of the named insured involves, at least collaterally, a defense of the employee insured as against a charge of respondeat superior, and (3) the insurer fails to carry the burden of showing that its defense was prejudiced in any manner by the failure of the employee to make a timely forwarding of suit papers.

Judge Langford, in his excellent opinion, considered this situation and obviously arrived at the same conclusion, but concluded: "This is a harsh result in this case. It is this trial court's opinion that the case law of this state is unduly severe on this point. The presence or absence of prejudice to the insurer should be a factor to be considered in the determination of timeliness of the notice. But such changes in case law should not be made by the trial courts, else case law could mean chaos in law. Such changes should only be made by the appellate courts."

Finding ourselves in full agreement with the trial court, we reverse the judgment in favor of American Bankers Insurance Co.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED JUNE 29, 1981

*William C. Lanham, Clark H. McGehee,* for appellants.

*E. A. Simpson, Jr., Charles L. Weatherly, J. Arthur Mozley, Donald R. Anderson, David I. Frazier, F. C. Schenck, Ronald A. Williamson,* for appellee.