## 64441. FINANCIAL BUILDING CONSULTANTS, INC. v. GUILLEBEAU, BRITT & WALDROP et al.

BIRDSONG, Judge.

The appellee Paul is an architect who was employed for five years by appellant Financial Building Consultants (FBC), a design-build consulting firm. In 1978, while Paul was employed by FBC and in fact was its vice president, the roof collapsed in a building which Paul and others on behalf of FBC designed for a Tennessee bank. (However, Paul contends his original designs were changed by another architect before the roof was built.) The employment contract between Paul and FBC obligated FBC to provide liability insurance for Paul "in an amount reasonable and adequate to protect the Architect and the Corporation in the course of the Architect's performance of his duties hereunder." FBC did provide such

insurance for Paul, adding him as a named insured to its own policy. Seven months after the roof collapsed, Paul's employment with FBC was terminated, and subsequently FBC, without notifying Paul, removed Paul as a named insured under its policy of insurance. The record shows beyond any material issue of fact, however, that neither Paul nor his employer FBC notified FBC's "errors and omissions" insurer of the roof collapse before the policy coverage lapsed, and the insurance policy in evidence shows that consequently Paul and FBC were not covered by liability insurance for the incident. Over a year later, FBC brought the instant lawsuit against Paul contending that he (with others, mainly subcontractors) was negligent in designing and constructing the Tennessee bank building and had caused FBC at least $800,000 in damages. Paul was granted summary judgment because, in effect, the trial court found "unconscionable" FBC's failure to notify the insurer of the collapsed roof and its termination of Paul's coverage before filing a claim against him in view of FBC's obligation under Paul's employment contract to provide insurance coverage for Paul's protection. FBC appeals. *Held:*

This appeal presents a problem we have not seen before, probably because the master does not often sue the servant after terminating the servant's insurance coverage. FBC questions the trial court's finding that its suit is so unconscionable as to entitle Paul to summary judgment, and proposes that Paul as a named insured was as obligated as FBC to notify the insurer of the roof collapse, and that the reasonableness of Paul's reliance on FBC to notify the insurer is a jury question.

It is accepted and good practice for an employer to notify its insurer of an occurrence which may give rise to a claim against itself and an employee. If the employer has provided liability coverage under a blanket firm policy, with the employee as an additional named or included insured, and the occurrence is not one exclusively personal to the employee but is one for which both the employee and the employer (as respondeat superior) may be liable, indeed it is the employer's duty as the principal insured to give such notification or make such claim with the insurer as will protect itself and the employee. This is true regardless of anything the employee could or should do, as a measure of caution, to effect such notice or insurance claim himself. The employer's legal position as ultimate respondeat (see Code Ann. § 105-502), and its special position as the procurer and purchaser of the insurance protection, entitle the employee to rely upon the employer to perform such acts of notification or other condition precedent which will perfect liability coverage for them both. Indeed in the exigent business world today, in many cases the employee may not even know who the insurer is, nor how to give the

proper notice, and may not even be in custody of the policy documents; but the employer as principal insured and procurer and purchaser of the policy is charged with all these responsibilities. As a general rule, there should be no circumstance under which the employer who provides such insurance for itself and the employee, and who stands to answer legally for the employee's alleged negligence, can foist the responsibility of perfecting coverage upon the employee.

The employer in this case, FBC, went much further than a mere failure to perfect coverage for itself and its employee. The employee Paul was by contract entitled to rely upon his employer to provide liability coverage for him; where both he and FBC stood to be liable for the roof collapse, he was entitled to rely upon FBC, as respondeat superior, principal insured and procurer and purchaser of the policy, to give such notification as would perfect or effectuate liability coverage. In the face of FBC's failure to perfect coverage for Paul, FBC cannot maintain a claim against the thus unprotected Paul.

Moreover, the basis of FBC's claim against Paul is its own liability as respondeat superior. If FBC was without insurance protection for its own liability, even assuming FBC had no superior duty to notify the insurance company of the occurrence, the failure to notify the insurer was as much FBC's fault as Paul's and FBC cannot make Paul suffer the liability incurred by FBC when FBC had at least an equal duty to give notification that would provide the liability protection for Paul which it had promised to provide; and this is especially true where FBC waited to make the claim until after it terminated Paul's insurance coverage altogether.

In saying this, we do not confuse the independent principles of liability, insurance and indemnification. But it would be a useless act to impose liability upon Paul in favor of FBC, which liability would be a recoverable debt or complete set off because of FBC's failure to perfect coverage for Paul so as to provide the liability protection FBC had promised against just such a claim; and particularly where the claim is its own. See generally Midwest Lumber Co. v. Dwight E. Nelson Constr. Co., 188 Neb. 308 (196 NW2d 377).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1982 —

*Robert D. Marshall, Curtis W. Martin,* for appellant.
*Larry S. McReynolds, Sandra R. Ganus, James P. Groton,*

*Thomas A. Cox, Eugene P. Chambers, Jr., Clyde E. Rickard III, Walter B. McClelland,* for appellees.