67133. ADWATER v. GEORGIA INSURANCE COMPANY.

DEEN, Presiding Judge.

On June 6, 1980, Adwater commenced an action (C.A. No. C-65232) in the Superior Court of Fulton County against the Metropolitan Atlanta Rapid Transit Authority (MARTA), J. A. Jones Construction Company (Jones), Nelson & Budd, Inc., and the City of Atlanta, alleging that these defendants jointly and severally had damaged his property during the performance of certain MARTA construction contracts. Georgia Insurance Company (GIC) provided liability insurance coverage to MARTA and to all of MARTA's general contractors and subcontractors. Nelson & Budd, as a MARTA subcontractor, was a named insured under the GIC policy, although it was not a party to the insurance contract.

It was undisputed that Nelson & Budd never forwarded a copy of the complaint and summons to GIC or requested that a defense be entered on its behalf before a default judgment was entered against it. MARTA, Jones, and the City of Atlanta, however, did timely notify GIC of the service of Adwater's suit upon them, and the copies of the complaint forwarded to GIC, of course, named Nelson & Budd as a party defendant. On June 19, 1980, Leonard Shinew, a claims examiner with GIC, mailed a letter to Jones and Nelson & Budd, indicating that a conflict of interest could develop in defending the matter and requesting written permission to use the same firm of attorneys to represent all of the defendants. Nelson & Budd received this letter on June 23, 1980, but never responded to it.

GIC did not discover that service on Nelson & Budd had been made until more than 45 days had elapsed from the filing of the complaint and Nelson & Budd was in default. On or about September 17, 1980, Shinew contacted MARTA to determine whether Nelson & Budd had perchance forwarded the complaint and summons to MARTA, and MARTA informed him that it had not received such

suit papers. Shinew subsequently contacted Emory Budd (of Nelson & Budd) via telephone on October 6, 1980, and discussed the default, specifically inquiring into the possibility of invalid service, and Budd agreed to come to Shinew's office within a few days to discuss the matter further. Budd never appeared. Shinew then sent Nelson & Budd letters by certified mail on October 9, 1980, and November 5, 1980, regarding the matter, but these letters were eventually returned to GIC as unclaimed. Finally, on December 18, 1980, Shinew sent Nelson & Budd a letter by regular mail, enclosing copies of the two previous, attempted correspondences; Budd received this letter, called Shinew, and suggested that he had not received the other letters because Nelson & Budd had moved. (GIC had addressed all of the letters to the post office box maintained by Nelson & Budd.)

Adwater subsequently moved to reduce Nelson & Budd's default to a judgment, and on May 26, 1981, such a judgment was entered against Nelson & Budd awarding Adwater $26,000 compensatory damages and $50,000 exemplary damages. Nelson & Budd, through its own attorneys, attempted to open the default in the damages suit, on the grounds that it had believed that GIC was defending against the action. On November 23, 1982, following a hearing at which Nelson & Budd failed to appear, the Superior Court of Fulton County dismissed Nelson & Budd's motion to open the default.

On July 8, 1981, Adwater commenced this action against GIC, seeking to recover under the insurance policy the $76,000 judgment entered against Nelson & Budd in the damages suit. GIC's policy of insurance contained standard conditions precedent to coverage. In the event of a claim or suit against an insured, the insured was required to cooperate with GIC and to forward to GIC "every demand, notice, summons, or other process received by him or his representative." The policy further provided that "[n]o action, other than for declaratory relief, shall lie against the Company, unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined . . . Any person or his legal representative who has secured such judgment . . . shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the Insured." Considering the motions for summary judgment of both parties, the trial court concluded that Nelson & Budd had not complied with the condition precedent of forwarding service necessary to effectuate coverage and granted summary judgment for GIC. Adwater appeals. *Held*:

Where the defendant is the contracting party to a liability insurance policy (which covers the type of casualty alleged), the plaintiff actually may satisfy the typical, insurer's notice requirement and thus invoke coverage under the policy by timely forwarding copies of the

complaint and summons to the insurer. *Stonewall Ins. Co. v. Farone*, 129 Ga. App. 471 (199 SE2d 852) (1973). Where a defendant is merely entitled to be an insured or additional insured under the insurance policy, the party must "elect" for coverage under the policy, usually by forwarding copies of the complaint and summons to the insurer. *Hicks v. Continental Ins. Co.*, 146 Ga. App. 124 (245 SE2d 482) (1978); *Ericson v. Hill*, 109 Ga. App. 759 (137 SE2d 374) (1964). However, in an action against an employer and an employee (where the employer is the named insured and the employee is an additional insured) which is based upon the alleged negligence of the employee, the presumption that the employee waives coverage unless he actively seeks it does not apply; because the defense of the employer/named insured, who has given the insurer timely notice of the lawsuit, at least collaterally involves the defense of the employee under a respondeat superior theory, the employee's failure to forward copies of the suit papers to the insurer does not absolve the insurer from the duty to defend. *Leventhal v. American Bankers Ins. Co.*, 159 Ga. App. 104 (283 SE2d 3) (1981). Compare *Financial Bldg. Consultants v. Guillebeau, Britt & Waldrop*, 163 Ga. App. 607 (295 SE2d 355) (1982).

In this case, while Nelson & Budd, as a certified subcontractor for MARTA, was a named insured under the policy issued by GIC, MARTA and GIC were the only parties to the insurance contract. We conclude that Nelson & Budd's position, as a subcontractor not an actual party to the insurance contract, must be likened to that of the additional insured in *Hicks v. Continental Ins. Co.*, supra; Nelson & Budd was entitled to be insured under the MARTA policy as a third party beneficiary with an independent power of election, but an actual election of coverage by Nelson & Budd was necessary to invoke that coverage. See *Ericson v. Hill*, supra.

Although there existed the possibility of some derivative liability, the interests of Nelson & Budd and the other defendants, especially Jones, were disparate and divergent, a situation where a party such as Nelson & Budd might well have chosen to rely upon its own insurer's protection and defense. See *Leventhal v. American Bankers Ins. Co.*, supra. GIC could not have forced its coverage upon Nelson & Budd. GIC's knowledge of the claim asserted against Nelson & Budd, provided by the suit papers forwarded to it by the other insured defendants, did not eliminate the necessity of Nelson & Budd itself timely electing for coverage under the policy. Cf. *Hicks v. Continental Ins. Co.*, supra. It was undisputed that Nelson & Budd never made such an election by forwarding the pertinent suit papers or indicated otherwise that it expected coverage under the policy until after the default, and the trial court thus properly granted summary judgment for GIC.

There is no evidence to support the appellant's argument that

GIC's conduct resulted in a waiver of the notice provisions of the policy. The basis of the appellant's contention that a waiver resulted is the initial letter sent to Nelson & Budd by GIC requesting written permission to employ the same firm of attorneys in defending the matter, a letter which Nelson & Budd failed to answer. At that point GIC no doubt anticipated Nelson & Budd's election of coverage, but we do not consider that reasonable anticipation or the instigation of an investigation of the matter to be a waiver of the notice provisions/election requirement. See *Government Employees Ins. Co. v. Gates*, 134 Ga. App. 795 (216 SE2d 619) (1975).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 2, 1984 —
REHEARING DENIED FEBRUARY 28, 1984 — ▮▮▮▮▮▮▮▮▮

*James W. Lewis*, for appellant.
*Jack S. Schroder, Jr., John I. Spangler III*, for appellee.