A89A2146. STARNES et al. v. COTTON STATES MUTUAL
INSURANCE COMPANY.
(390 SE2d 419)

BANKE, Presiding Judge.

The appellants, John Christopher Starnes and Linda Starnes Furgerson, sued to recover for injuries allegedly suffered by Mr. Starnes when a vehicle in which he was riding was forced off the road and into a tree by a vehicle insured by the appellee, Cotton States Mutual Insurance Company. Named as defendants in the appellants' action were William Roy Stallings, who had been driving the vehicle in which Starnes was riding; Horace Brown, Jr., who had been driving the vehicle insured by Cotton States; and Glen Upchurch, who owned the latter vehicle and was the named insured under the Cotton States policy. The appellants contend that Brown qualifies as an "additional insured" under the terms of the Cotton States policy because he was operating the insured vehicle at the time of the incident with the permission of Upchurch, the named insured.

Cotton States undertook Brown's defense pursuant to a reservation of rights and then filed the present action to obtain a declaratory judgment absolving it of any obligation either to defend Brown or to pay any judgment which might be entered against him in the appellant's suit, both because he had never elected to be covered under the policy and because neither he nor Upchurch had complied with certain notice requirements contained therein. The trial court granted Cotton States' motion for summary judgment in the declaratory judgment action, while denying a motion for summary judgment filed by the appellants; and this appeal followed.

The accident occurred on February 21, 1986. Brown testified in his deposition that the Stallings vehicle cut in front of him as he was driving Upchurch's vehicle, forcing him to stop suddenly to avoid hitting it and thereby causing his young son, who was accompanying him, to strike his head against the windshield, cracking the glass. Brown testified that the Stallings vehicle sped away from the scene following this incident and that he pursued it to get its tag number. However, he maintained that he broke off the pursuit after obtaining the tag number, that he then stopped and telephoned the police to report the incident, and that he did not learn that the Stallings vehicle had been in an accident until later, when the officer who responded to his call obtained the information over her police radio.

Upon returning Upchurch's vehicle to him, Brown explained

what had happened to the windshield, offered to pay for the damage, and advised him that "he probably ought to call his insurance company." However, Upchurch responded that because the amount of damage was small, he would probably fix it himself rather than risk an increase in his insurance rates. In February of 1987, approximately a year later, Stallings sued Brown seeking to hold him liable for certain injuries which he had allegedly sustained as a result of his collision with the tree. Brown answered the suit pro se and again advised Upchurch to report the matter to his insurance company; however, he stated that he gave Upchurch this advice not because he wished for the insurance company to defend him in the suit but because he was concerned about the possibility "that something might come up against [Upchurch]." That concern proved to be well-founded when, on July 29, 1987, the appellants filed their suit against Upchurch, Brown, and Stallings.

Upon being served in the appellants' action, Brown and Upchurch immediately visited a Cotton States office to notify the company of the pendency of the litigation. This was the first notice Cotton States had received of the accident. Brown, who is not represented in the declaratory judgment action, acknowledged during his deposition that he had not previously sought and still had no interest in receiving any assistance from Cotton States in defending the claims against him, explaining that as far as he was concerned, any mistake he might have made in connection with his operation of Upchurch's vehicle was his responsibility and not that of Upchurch or his insurance company. *Held*:

1. In *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115) (1981), the Supreme Court held that an insured's failure to comply with the notice provisions of a policy of automobile insurance issued pursuant to Georgia's assigned risk plan (see OCGA § 40-9-100) would not operate to defeat recourse to the policy by a third party, concluding that "[t]he comprehensive scheme for protection of third parties may not be thwarted by defenses which would be available vis-a-vis the insurer and insured." Id. at 352. Subsequent to that decision, however, the Legislature enacted OCGA § 33-7-15 (Ga. L. 1982, p. 1624), subsection (a) of which specifies that all policies of motor vehicle insurance issued in this state must contain language requiring the insured to notify the insurer as soon as practicable of any summons or process related to coverage under the policy, and subsection (b) of which specifies that a failure by the insured to provide such notice "shall constitute a breach of the insurance contract which, *if prejudicial to the insurer,* shall relieve the insurer of its obligation to defend its insureds under the policy and of any liability to pay any judgment or other sum on behalf of its insureds." (Emphasis supplied.)

In *Berryhill v. State Farm Fire &c. Co.*, 174 Ga. App. 97 (329 SE2d 189) (1985), this court held that OCGA § 33-7-15 operated to insulate an insurer from liability on a default judgment obtained against its insured by a third party where the insurer had received no notice of the pendency of the action prior to the entry of the judgment. However, the facts of that case are distinguishable from those of the present case in that Cotton States clearly received prompt and adequate notice of the pendency of the appellant's action, and there is no suggestion that its ability to defend that action has been prejudiced in any way by the failure of Brown or Upchurch to provide it with prior notice of the accident. We consequently conclude that the holding in *Young v. Allstate Ins. Co.*, supra, is applicable to the present case, with the result that, to the extent of the mandatory liability coverage provided by the policy, Cotton States cannot escape liability on any judgment which might be entered against Brown in the appellants' action on the ground that it did not receive notice of the accident within the time period specified in the policy.

2. We proceed to the issue of whether Cotton States was entitled to summary judgment on the basis of Brown's failure to elect coverage under the policy. This court has held that "[w]here a defendant is merely entitled to be an insured or additional insured under the insurance policy, [he] must 'elect' for coverage under the policy, usually by forwarding copies of the complaint and summons to the insurer. *Hicks v. Continental Ins. Co.*, 146 Ga. App. 124 (245 SE2d 482) (1978); *Ericson v. Hill*, 109 Ga. App. 759 (137 SE2d 374) (1964)." *Adwater v. Ga. Ins. Co.*, 170 Ga. App. 29, 31 (316 SE2d 2) (1984). This court has further stated that under Georgia law an additional insured will be presumed to have waived coverage unless he has actively solicited it. See *Leventhal v. American Bankers Ins. Co.*, 159 Ga. App. 104, 108 (283 SE2d 3) (1981); *Adwater v. Ga. Ins. Co.*, supra, 170 Ga. App. at 31. However, this principle appears to have been honored as much in the breach as in the observance. In *Leventhal*, for example, we held that the "[w]here an action against an employer as named insured is based on the alleged negligence of an employee also covered by the policy, the presumption that the employee waives coverage unless he actively solicits it will not apply." And, in *State Farm Mut. &c. Ins. Co. v. Herrick*, 166 Ga. App. 90, 92 (303 SE2d 304) (1983), we held that "[w]here facts are present supporting an implied election of coverage and lack of prejudice to the insurer, the absence of an express election will not entitle the insurer to judgment as a matter of law."

It is evident that the purpose of the election-of-coverage requirement is to protect the additional insured in situations where his interests and those of the named insured might conflict. See, e.g., *Adwater v. Ga. Ins. Co.*, supra, (where this court, in holding that the failure of

an additional insured to elect coverage under the policy operated to relieve the insurer from liability on a default judgment against the additional insured, noted that the latter's interests were "disparate and divergent" from those of the named insured, with the result that the additional insured might well have been expected "to rely upon its own insurer's protection and defense.") Id. 170 Ga. App. at 31. In the present case, there is no suggestion that any such divergence of interests exits, and we note that a successful defense of Brown in the appellants' action would also operate as a complete defense to the appellants' claim against Upchurch. Cf. *Leventhal v. American Bankers Ins. Co.*, supra, 159 Ga. App. at 108. Moreover, it is apparent that Brown, unlike the additional insured in *Adwater*, supra, has no insurance coverage of his own upon which the appellants could rely for the payment of any judgment which might be entered against him in the action.

While it is true that Brown has affirmatively renounced any intention to seek coverage under the Cotton States policy, he has evidently taken this position solely because he feels that to rely on Upchurch's insurance would be to shirk individual responsibility for his own actions. Noble and refreshing though this sentiment may be, we do not believe it can serve as a basis for defeating the rights of an injured third party under the policy. "[C]ompulsory liability insurance is required 'not only for the benefit of the insured but to ensure compensation for innocent victims of negligent motorists.' [Cit.]" *GEICO v. Dickey*, 255 Ga. 661, 662 (340 SE2d 595) (1966). Thus, we conclude that while Brown's decision not to elect coverage as an additional insured may absolve Cotton States of responsibility *to him* in connection with the appellants' claim, it does not insulate the company from liability *to the appellants* for payment of any judgment which they might obtain against him based on his operation of the insured vehicle; and on this latter issue alone, we hold that the trial court erred in granting Cotton States' motion for summary judgment and in denying the appellants' motion for summary judgment. Of course, in reaching this decision we express no opinion whatever on the merits of the appellants' claims against Brown.

*Judgment affirmed in part and reversed in part. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 10, 1990 —
REHEARING DENIED JANUARY 25, 1990 —

*Word & Flinn, Gerald P. Word*, for appellants.
*Willis, McKenzie & Long, D. Ray McKenzie*, for appellee.