[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14905
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02977-ELR

G.M. SIGN, INC.,
as Judgment Creditor;
and assignee of MFG.com,

Plaintiff-Counter Defendant- Appellant,

versus

ST. PAUL FIRE AND MARINE INSURANCE CO.,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 29, 2016)

Before MARCUS, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

G.M. Sign, Inc. ("GM Sign") appeals the district court's grant of summary

judgment in favor of St. Paul Fire and Marine Insurance Co. ("St. Paul") on

GM Sign's complaint seeking a declaratory judgment that St. Paul owed coverage under a series of general liability insurance policies held by MFG.com ("MFG"), which assigned its rights under the policies to GM Sign, and damages for bad-faith refusal to settle.  GM Sign argues that the district court erred in concluding that MFG failed to satisfy the notice requirements of the insurance policies, which were a condition precedent to coverage, and that St. Paul therefore owed no coverage and could not be liable for bad-faith refusal to settle.  After careful review, we vacate and remand.

The essential facts are these.  Each year from September 2003 through September 2009, St. Paul issued a general liability insurance policy to MFG.  The policies, which were identical for all purposes related to this appeal stated:

> If . . . there's an accident, act, error, event, incident, offense, or omission that may result in damages or other amounts which may be covered under [the policy], [MFG] or any other person or organization protected . . . must do all of the following in connection with that accident, act, error, event, incident, offense, or omission:
>
> 1.    As soon as possible after having knowledge of the accident, act, error, event, incident, offense, or omission, tell [St. Paul] what happened. . . .
>
>       . . .
>
> 3.    As soon as possible after receiving them, mail, deliver, or otherwise give to [St. Paul] a copy of:
>
>       • all written demands made; and
>
>       • all legal documents relating to any suit brought;

2

against [MFG] or any other person or organization protected under [the] policy.

Each policy also provided that MFG "agree[d] not to bring suit against [St. Paul] unless [it had] complied with all of the terms of [the] policy," and that "[n]o person or organization can sue [St. Paul] to recover under [the] policy unless all of [the] policy's terms have been fully complied with."

On November 6, 2008, GM Sign filed a three-count class-action complaint against MFG in Illinois state court, asserting (1) violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; (2) common-law conversion; and (3) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2. All three claims were based, in part, on a fax advertisement MFG sent to GM Sign on October 16, 2008, which GM Sign had neither invited nor given MFG permission to send. The complaint alleged that MFG had sent the same or similar fax advertisements on numerous occasions to GM Sign and more than 39 other members of the class on behalf of which GM Sign brought the complaint, none of whom had invited nor given MFG permission to send the advertisements. MFG notified St. Paul of the lawsuit and demanded a defense and coverage under the policies. On December 9, 2008, St. Paul notified MFG by email that it was denying MFG's demand for a defense and coverage, which it followed up with a formal denial letter on February 20, 2009. The denial letter specifically discussed the claims in the

3

November 6, 2008 complaint and concluded that they were all outside the scope of the coverage provided to MFG in the insurance policies. MFG therefore provided its own defense against the claims.

On December 11, 2008, MFG removed GM Sign's lawsuit to federal court. After the district court denied MFG's motion to dismiss, MFG and GM Sign jointly stipulated a dismissal without prejudice of the claims, which the court accepted on July 29, 2009. The following day, GM Sign asserted the same three claims, on behalf of the same class of plaintiffs, in another class-action complaint filed in state court. MFG did not tender the July 2009 complaint to St. Paul, or make a second demand for a defense and coverage under the insurance policies. GM Sign and MFG eventually settled the claims, agreeing that MFG was liable to the class members in the total amount of $22,536,500. Under the terms of the settlement agreement, MFG was responsible for paying $460,000 of that amount, with the remainder to be satisfied from the proceeds, if any, of the insurance policies issued by St. Paul to MFG. MFG assigned to the class all of its rights to payment under the St. Paul policies.

Subsequently, GM Sign, on behalf of itself and the other members of the class, filed the instant action in Georgia state court, seeking a declaratory judgment that St. Paul owed MFG coverage under the policies for the settled claims, and damages for bad-faith refusal to defend and settle within the policy limits. St. Paul

4

removed the case to federal court and filed a counterclaim seeking a declaratory judgment that it owed no coverage under the policies because MFG failed to satisfy the notice requirement, which was a condition precedent to coverage. St. Paul asserted that, to comply with the notice requirement, MFG was obliged to notify it of GM Sign's July 2009 complaint, which MFG failed to do. St. Paul also argued, as it had in its denial letter, that MFG's liability for the unsolicited faxes was not a loss covered by the policies.

The parties filed cross-motions for summary judgment, and the district court ruled in favor of St. Paul on the notice issue. The court reasoned that GM Sign's July 2009 complaint initiated a separate lawsuit from the suit initiated by the November 2008 complaint. While MFG had given St. Paul notice of the first suit, the claims asserted therein had been dismissed and the suit terminated. MFG did not give St. Paul notice of the July 2009 complaint, which initiated a separate lawsuit; therefore, the district court concluded, MFG failed to satisfy a condition precedent for coverage for liability arising from the claims asserted in the second lawsuit. The district court accordingly granted St. Paul's motion for summary judgment, denied GM Sign's motion for summary judgment, and entered final judgment in favor of St. Paul, which GM Sign now appeals.

We review a district court's grant of summary judgment de novo, viewing all the evidence and drawing all reasonable factual inferences in favor of the

nonmoving party.  Stephens v. Mid-Continent Cas. Co., 749 F.3d 1318, 1321 (11th Cir. 2014).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The interpretation of a provision in an insurance contract is a question of law subject to de novo review.  Stephens, 749 F.3d at 1321.  The insurance policies at issue here were issued in Georgia, and the parties agree that Georgia law governs the interpretation of the policies.  See Provau v. State Farm Mut. Auto. Ins. Co., 772 F.2d 817, 819-20 (11th Cir. 1985).

GM Sign argues that the district court misapplied Georgia law in determining that MFG failed to comply with the notice requirements of the insurance policies.  GM Sign maintains that, under Georgia law, once St. Paul denied coverage for the claims in GM Sign's lawsuit, MFG was released from its notice obligations as to those claims and St. Paul could no longer assert lack of notice as a defense to coverage.  We agree.

In Georgia, "[a] notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification." King-Morrow v. Am. Family Ins. Co., 780 S.E.2d 451, 453 (Ga. App. 2015) (quotation omitted).  However, courts must "construe the notice provision in [a] general liability policy against [the insurer]."  Hoover v. Maxum Indem. Co., 730 S.E.2d 413, 418 (Ga. 2012).  "Georgia courts do not favor forfeitures in

construing insurance contracts." Id. Along these lines, Georgia law holds that an insurer's denial of coverage under a policy waives the notice requirements under that policy. See id. at 416-18; Gen. Accident Fire & Life Assurance Corp. v. Azar, 119 S.E.2d 82, 87 (Ga. App. 1961) ("[T]he company had denied liability in any amount, which waives requirements of the policy as to notice and preliminary proof of loss."); Stonewall Ins. Co. v. Farone, 199 S.E.2d 852, 856 (Ga. App. 1973) ("An important circumstance is Farone's allegation that when first notified of this claim or occurrence, Colson denied liability and denied coverage. If adequately proved, this could constitute a waiver of the company's right to receive further notice or process, or raise an estoppel against it to complain of the lack thereof.").

St. Paul does not dispute that MFG notified it of GM Sign's November 2008 complaint in compliance with the notice provision of the insurance policies, which required MFG to notify St. Paul "[a]s soon as possible" of any "accident, act, error, event, incident, offense, or omission that may result in damages . . . covered under [the policies]" and to give St. Paul "a copy of  . . . all legal documents relating to any suit brought."  Nor does St. Paul dispute that it denied coverage for the three claims in the November 2008 complaint on the ground that liability under those claims was not a loss covered by the insurance policies.  Under Georgia law, St. Paul's denial of coverage -- for reasons unrelated to the policies' notice

requirement -- waived the notice requirement, and MFG was no longer obliged to provide St. Paul with "all legal documents relating to any suit" asserting those claims. See Hoover, 730 S.E.2d at 416-18; Azar, 119 S.E.2d at 87; Farone, 199 S.E.2d at 856. The fact that the claims filed in the November 2008 complaint were dismissed by stipulation and refiled in a new complaint in state court (the very next day) is immaterial, since the claims raised in the first and second lawsuits arose from the same "accident[s], act[s], error[s], event[s], incident[s], offense[s], or omission[s]," and the refiled claims, as far as we can tell, were exactly the same as the claims asserted in the November 2008 complaint. Georgia law is clear that, once St. Paul denied coverage for the claims asserted in GM Sign's November 2008 complaint, to preserve its right to coverage under the policies, MFG was no longer obliged to tender to St. Paul "all legal documents relating to any suit brought" asserting the same claims.[1] See Hoover, 730 S.E.2d at 416-18; Azar, 119 S.E.2d at 87; Farone, 199 S.E.2d at 856. Accordingly, the district court erred in determining that MFG failed to satisfy the polices' notice requirement and that this condition precedent to coverage was not met.

---

[1] In its February 20, 2009 denial letter, St. Paul stated that "[n]othing contained in this letter shall be construed as a waiver of any term or condition of the St. Paul policies, and St. Paul specifically reserves the right to rely on any other policy provision or defense that may be subsequently found to limit or preclude coverage." However, the Georgia Supreme Court has specifically held that an insurer may not deny a claim for coverage while also reserving the right to raise a lack-of-notice defense, and that disclaimers attempting to do that, like the one St. Paul asserted here, are ineffective. Hoover, 730 S.E.2d at 416-18.

St. Paul argues that, even if MFG satisfied the policies' notice requirement, it still owed no coverage for GM Sign's claims because the policies did not cover losses associated with MFG's unsolicited faxes.  The district court, having concluded that St. Paul owed no coverage under the policies because MFG did not satisfy a condition precedent for coverage, did not reach this question.  Rather than decide that issue for the first time on appeal, we remand the case to the district court for proceedings consistent with this opinion, including a determination as to whether MFG's liability for GM Sign's claims was covered under the terms of the policy, and if so, whether St. Paul refused to settle those claims in bad faith.

**VACATED AND REMANDED.**