## 57150. COTTON STATES MUTUAL INSURANCE COMPANY v. CROSBY et al.

SHULMAN, Judge.

Appellee-Crosby, individually and as guardian ad litem on behalf of his minor daughter, brought suit against Nail and Clarke as officials of Muscogee County School District. Crosby alleged that defendants' negligent breach of their duty to safeguard school premises resulted in the attack and rape of his daughter. It was further alleged that defendants' conduct subsequent to the rape was in neglect and breach of defendants' duty as school

officials. Appellant-Cotton States issued an insurance policy to the Muscogee County School District which provided for Cotton States to "pay on behalf of the insured . . . [any] loss which the insured shall become legally obligated to pay because of a Wrongful Act. . ." Wrongful act as defined under the contract includes "any. . . act or omission or neglect or breach of duty by the insured, individually or collectively, in the discharge of School District duties. . ." Appellant, alleging that appellee-Crosby's claims did not come within the scope of its coverage, filed an action (which is the subject of this appeal) for a declaratory judgment to determine whether coverage in fact existed. This appeal follows a declaratory judgment holding appellee-Crosby's claims to be within the scope of the policy. We affirm.

1. Appellant maintains that the trial court erred in denying its motion for summary judgment, asserting that appellee-Crosby's claims fall within exclusions (e) and (f) of the insurance policy. We disagree.

A. Exclusionary clause (f) upon which appellant relies reads in pertinent part as follows: "This insurance does not apply to and the company shall not be liable to make any payment in connection with any claim made or suit brought against the insured. . . (f) for any damages, direct or consequential, arising from bodily injury, sickness, disease or death of any person. . ." We must take issue with appellant's argument that appellee-Crosby's claims arise from his daughter's bodily injury. Although his daughter suffered bodily injury for which she seeks compensation, Crosby's claims are based on and arise from the alleged wrongful acts of the insured, not from the bodily injury suffered by his daughter. That bodily injury may have resulted from the conduct of the school officials does not imply that Crosby's claims arise from the injury itself. Rather, his claims are based upon the alleged neglect and breach of duty on the part of the school officials (wrongful acts of the insured) which claims are covered under Cotton State's policy.

B. Appellant submits that it is not liable as a matter of law to defend appellee-Crosby's claims against its insured by virtue of the "any other insurance" provision of exclusion (e). In support of this contention, appellant

asserts the existence of other valid and collectible insurance held by its insured. Appellee-Crosby does not contest the existence of other insurance but instead refers to Condition 6 of the policy which, Crosby asserts, takes precedence over exclusionary clause (e). Condition 6 of the policy states that "[t]his insurance shall be *excess insurance* over any other valid and collectible insurance available to the insured" (emphasis supplied), whereas exclusion (e) exempts Cotton States from liability if the claim against the insured "is insured by another policy or policies," impliedly, without regard to the amount of coverage. To the extent Condition 6 (affording coverage in excess of other insurance coverage) and exclusion (e) (denying all coverage when other insurance exists) are in conflict, the provision most favorable to the insured will be applied. *Welch v. Gulf Ins. Co.,* 126 Ga. App. 115 (190 SE2d 101). Thus, even though other insurance exists, Cotton States is not excused from coverage. The judgment was not demanded in favor of Cotton States for the reason assigned.

2. Appellant argues that the trial court erred in finding as fact that appellee-Crosby's daughter was not allowed to notify her parents following the rape. There is evidence in the record to support the court's holding. The testimony of appellee-Crosby's daughter and her mother was sufficient under the "any evidence rule" to justify the court's holding. This being so, even though there might be evidence to authorize a contrary conclusion, the finding of the trial court will not be set aside as being without evidentiary support. See *Atlantis Realty Co. v. Morris,* 142 Ga. App. 470 (1) (236 SE2d 163).

3. Appellant urges that the rape of appellee-Crosby's daughter was a "bodily injury" within the meaning of exclusion (f) and that appellee-Crosby's claims arose from such injury. It is submitted that the trial court erred in finding the term "bodily injury" ambiguous and in determining appellee-Crosby's claims to be within the scope of the policy's coverage. As we have held that exclusionary clause (f) is inapplicable to the facts of this case (see Division 1A), it is not necessary to determine whether the term "bodily injury" is ambiguous.

4. Appellant argues error in the court's deter-

mination that all claims set forth by appellee-Crosby were within the policy's liability coverage. We agree with appellant only in regard to Crosby's claim for damages based on his mental anguish. Georgia law gives the injured child her right to damages for her injuries including punitive damages, but a parent's right to sue for his own benefit for a tort to a minor child is limited to a suit for loss of services and necessary expenses caused by the child's injuries. There is no independent right of action available to a parent who is not present at an incident in which his child is injured by the negligence of another. Recovery for emotional distress and mental suffering which results from the parent's learning of such injuries or seeing the injured child is not allowed. *Strickland v. Hodges,* 134 Ga. App. 909 (216 SE2d 706).

Thus, the order of the trial court must be modified so as to disallow appellee-Crosby's claims for mental anguish. Appellant is required to appear and defend its insured against all claims set forth by appellee-Crosby except as heretofore excluded.

*Judgment affirmed with direction. Deen, C. J., and McMurray, J., concur.*

Argued January 10, 1979 — Decided March 13, 1979 — Rehearing denied March 22, 1979 — 

*I. J. Parkerson,* for appellant.

*Jones & Byars, J. Rudolph Jones, Page, Scrantom, Harris, McGlamry & Chapman, W. G. Scrantom, Kelly, Denney, Peach & Allison, John W. Denney, Hatcher, Stubbs, Land, Hollis & Rothschild, A. J. Land, Moore, Worthington & Depree, William C. Moore, Vincent P. McCauley,* for appellees.