## 34975. COTTON STATES MUTUAL INSURANCE COMPANY v. CROSBY et al.

JORDAN, Justice.

This court granted certiorari to review the holding in Divisions 1A and 3 of *Cotton States Mut. Ins. Co. v. Crosby,* 149 Ga. App. 450 (254 SE2d 485) (1979) to the effect that an exclusion contained in an insurance policy does not bar coverage to the insured.

Willis Crosby filed suit against two individuals in their capacity as Muscogee County School District officials on behalf of himself and his unnamed minor daughter alleging negligent breach of duty to safeguard school premises resulting in the attack and rape of his daughter in the bathroom of a junior high school and unlawful detention of the daughter subsequent to the rape. Cotton States, an insurer of the school district, notified Messrs. Nail and Clarke, the school officials, that it would defend them, but reserved all rights with regard to payment of a judgment against them since the insurance company believed the alleged injury to the plaintiffs to fall within an exclusion in the policy. Nail and Clarke rejected this reservation of rights, and Cotton States filed an action seeking a declaratory judgment deciding the coverage issue. The trial court denied Cotton States' motion for summary judgment, and thereafter, determined that Nail and Clarke were covered by the school district's policy with Cotton States. The Court of Appeals affirmed.

The policy in question contains the following language: "This insurance does not apply to and the company shall not be liable to make any payment in connection with any claim made or suit brought against the insured . . . (f) for any damages, direct or consequential, arising from bodily injury . . . of any person . . ." "Bodily injury" is defined in the policy as meaning "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom . . ."

The trial court found that the term "bodily injury" was ambiguous and nowhere defined in the policy. Further, the trial court found that since the complaint

brought by Crosby and his daughter was based on the wrongful acts and negligence of the defendants in failing to keep the school premises safe and in not allowing his daughter to call her mother until one hour had elapsed, that the exclusion for bodily injury did not apply to all the damages claimed and, therefore, did not bar coverage by Cotton States. The Court of Appeals found that Crosby's claims were based on the wrongful acts of Nail and Clarke and did not involve the fact that his daughter received bodily injury. The Court of Appeals, therefore, found it unnecessary to determine whether the term "bodily injury" is, in fact, ambiguous.

1. The Crosbys' original complaint was in three counts and was based upon two separate torts committed by the defendants: (1) negligence in failing to keep the school premises safe as set forth in Counts 1 and 2 of the petition, and (2) unlawful detention of the daughter after the rape had occurred as set forth in Count 3 of the petition. As to the damages sought by Crosby and his daughter for the first tort, we disagree with Division 1A of the Court of Appeals opinion.

The underlying cause of action for Counts 1 and 2 of the complaint is one in tort for the negligence of Nail and Clarke in permitting conditions to exist that would allow the rape to occur. In order for a tort action to lie, there must be an injury to the plaintiff, i.e., some initiating event which is the result of the defendant's negligence and brings that wrongful conduct to light. " 'Proof of negligence in the air, so to speak, will not do.' Pollock, Torts (11th Ed.) p. 455 . . ." Palsgraf v. Long Island R. Co., 162 NE 99 (1928). Without question, the injury giving rise to the Crosbys' cause of action for Counts 1 and 2 of their complaint was the rape of the daughter. Admittedly, the daughter sought damages from Nail and Clarke for mental anguish and humiliation and punitive damages in addition to actual damages resulting from the rape itself. However, no right of recovery would exist at all had the bodily injury not originally occurred. We note that the language of the policy excludes coverage "for any damages, *direct or consequential,* arising from bodily injury." (Emphasis supplied.) " 'Courts have no more right by strained construction to make the policy more

beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance. [Cit.]' " *Cotton States Mut. Ins. Co. v. Fall,* 114 Ga. App. 812, 814 (152 SE2d 811) (1966). We must reverse Division 1A of the Court of Appeals opinion to the extent that it holds that coverage exists for Counts 1 and 2 of the plaintiffs' complaint.

The same is not true for Count 3 of the complaint, however. In the "Definitions" section of the insurance policy at issue, the following appears: " '[P]ersonal injury' means (1) false arrest, detention or imprisonment . . ." In the "Exclusions" section of the policy, the following appears: "This insurance does not apply to and the company shall not be liable to make any payment in connection with any claim made or suit brought against the insured . . . (g) for personal injury as defined herein *but this exclusion only applies to the extent that the insured has other valid and collectible insurance therefor and then this insurance shall be excess over any other such insurance . . ."* (Emphasis supplied.) In Division 1B of its opinion, the Court of Appeals rejected Cotton States' argument that exclusion (e), excluding coverage for any claim covered by another valid insurance policy, would bar coverage because there is other insurance in this case. We agree with the reasoning of Division 1B and apply it to any potential conflict between exclusions (e) and (g). Therefore, though coverage by Cotton States for an unlawful detention would be only in excess of the other insurance in this case, such conduct by the defendants Nail and Clarke is covered by this policy.

The trial court found as a fact that the daughter was not allowed to notify her parents following the rape. The Court of Appeals affirmed this holding in Division 2. We have not granted certiorari to review this division and note only that the cause of action for unlawful detention remains an issue in this case to be tried. There is coverage for an unlawful detention provided for by this insurance policy. The damages sought by the daughter for her unlawful detention by the defendant school officials are not damages arising from bodily injury, and are not excluded from coverage by any provision found in this insurance policy. It is, of course, Cotton States' duty to

defend this action on behalf of its named insured as provided by said policy.

2. We granted certiorari to review Division 3 of the Court of Appeals opinion as well. The trial court found that exclusion (f) did not bar coverage and that at any rate, the term "bodily injury" is ambiguous. The Court of Appeals having found that coverage existed felt it unnecessary to decide the correctness of the trial court's holding on this point. We however, hold that the term "bodily injury" as used in this insurance policy is not ambiguous.

The definition section of the policy provides that "'bodily injury' means bodily injury, sickness or disease..." While it is true that the two words are not defined in intricate detail, nevertheless, we have a rule of construction in Georgia found in Code Ann. § 20-704 (2) which provides that words "generally bear their usual and common signification . . ." These words cannot fairly be said to have misled anyone. The definition offered in the policy, that is that "bodily injury means bodily," is a genuine attempt to explain words which need no explanation, and it would be an onerous imposition indeed to require insurance companies to go beyond that with each and every term used to provide the insured with an unnecessary lexicon.

In view of the foregoing, we reverse Divisions 1A and 3 of the Court of Appeals opinion. However, Divisions 1B and 2 stand untouched. Division 4 was not challenged or considered on this appeal.

*Judgment reversed as to Divisions 1A and 3 of Case No. 57150 of the Court of Appeals. All the Justices concur, except Undercofler, P. J., who dissents to Division 1.*

ARGUED JUNE 12, 1979 — DECIDED OCTOBER 16, 1979.

*I. J. Parkerson,* for appellant.

*Jones & Byars, J. Rudolph Jones, Page, Scrantom, Harris, McGlamry & Chapman, W. G. Scrantom, Kelly, Denney, Pease & Allison, John W. Denney, Hatcher, Stubbs, Land, Hollis & Rothschild, A. J. Land, Vincent P.*

■■■■■■■■■ ■

*McCauley,* for appellees.