## 68200. UNITED STATES FIRE INSURANCE COMPANY v. HILDE et al.
(322 SE2d 285)

CARLEY, Judge.

Appellee Hilde was employed to perform aerial application of liquid paraquat upon a crop of wheat owned by A. R. Clark, Jr. After Hilde sprayed Clark's field, several persons who had interests in land adjacent to Clark's field complained that the paraquat had drifted onto their fields and had damaged their crops. Hilde's insurer, who is appellant herein, sought a declaratory judgment that it would not be liable to the complaining third parties for damages arising from Hilde's application of the paraquat. The trial court ruled that Hilde's contract of insurance with appellant afforded coverage with respect to the incident in question. Appellant appeals.

1. It is undisputed that, in applying the liquid paraquat to Clark's wheat as a pre-harvest aid, appellee Hilde violated OCGA § 2-7-102 (2), in that he "made a pesticide . . . use inconsistent with the labeling. . . ." Appellant contends that, as a result of that statutory violation, the incident in question falls within an exclusion contained in the general provisions of its contract with Hilde. The exclusion invoked by appellant provides: "4. The Use of the Aircraft. . . . There is no coverage under the policy if the aircraft: . . . e. Is used for aerial application unless you have complied with all Federal Aviation Administration, Federal, State or Local laws and regulations which ap-

ply to the aerial application of seeds, fertilizers and chemicals." The trial court held that the foregoing exclusion was a nullity by virtue of OCGA § 33-24-30. That statute provides: "(a) No policy of insurance issued or delivered in this State covering any loss, expense, or liability arising out of the ownership, maintenance, or use of an aircraft shall exclude or deny coverage because the aircraft is operated in violation of civil air regulations pursuant to federal, state, or local laws or ordinances. (b) This Code section does not prohibit the use of specific exclusions or conditions in any such policy which relates to any of the following: . . . (4) Establishing limitations on the use of the aircraft." On appeal, appellant asserts that the trial court erred in construing OCGA § 33-24-30 so as to void the policy exclusion.

" ' "It is, of course, fundamental that 'the cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose.' [Cit.] . . ." [Cits.]' Although 'the legislative intent prevails over the literal import of words' ([cit.]), 'where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. [Cits.]' [Cit.] 'In other words the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent.' [Cits.]" *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). "Where the language of a statute consists of common, ordinary words, and there is nothing to show that any unusual meaning is to be attached thereto, the court cannot deny the language its ordinary, usual signification; nor is the court required to give the language a forced and strained interpretation. [Cit.]" *Sheffield v. Cotton States Mut. Ins. Co.*, 141 Ga. App. 861, 863 (234 SE2d 695) (1977).

Applying those principles to the case at bar, it is apparent that OCGA § 33-24-30 (a) prohibits policy exclusions which are based upon the general *operation* of an aircraft in violation of civil air regulations. The policy exclusion here in issue does not fall within the general statutory proscription of OCGA § 33-24-30 (a). The exclusion constitutes a specific limitation on the *use* of the aircraft. As such, it is permitted under OCGA § 33-24-30 (b) (4). Accordingly, the trial court erred in ruling that the exclusion was prohibited by OCGA § 33-24-30 and was a nullity.

However, the trial court's ultimate determination that the paraquat-spraying incident in issue was covered by Hilde's policy of insurance was not based solely upon its interpretation of OCGA § 33-24-30. The ruling was also based upon the lower court's construction of the insurance policy itself. If this alternative basis for the finding was correct, then the judgment will be affirmed on appeal. A decision

which is right for any reason will not be reversed. *Hairston Enterprises v. Lee*, 162 Ga. App. 475 (291 SE2d 404) (1982).

2. Appellee Hilde's policy of insurance included a "chemical coverage endorsement." That endorsement expressly states: "[Appellant] will pay damages you . . . are legally required to pay for bodily injury or property damage caused by an occurrence during the policy period arising out of the aerial application of chemicals." The trial court ruled that the exclusionary language contained in the general terms and conditions of the policy was subordinate to the specific provisions of the chemical coverage endorsement, and that coverage therefore existed in the instant case. Appellant asserts that the trial court's interpretation of the insurance policy was erroneous.

"In construing an insurance policy, '[t]he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney.' [Cit.] 'Where a provision in a policy is susceptible to two or more constructions, the courts will adopt that construction which is most favorable to the insured. [Cit.]' [Cits.]" *Greer v. IDS Life Ins. Co.*, 149 Ga. App. 61, 63 (253 SE2d 408) (1979).

Appellant contends that the specific chemical coverage endorsement is defeated by the general exclusionary clause of the contract, and that there is no conflict between the two provisions. Under this analysis, the exclusion would apply to preclude coverage for *any* claim arising out of the use of aircraft for the aerial application of chemicals whenever there is a violation of law. However, one generally is not "legally required to pay for bodily injury or property damage" unless there is a violation of some principle of law applicable to the occurrence. For example, OCGA § 2-7-102 (5) makes it unlawful for one applying pesticides to operate in a "faulty, careless, or negligent manner," but that is precisely the type of conduct for which an insured such as appellee Hilde could legally be required to pay damages. If the chemical coverage endorsement is vitiated in such circumstances by virtue of the exclusion contained in the general provisions of the policy, then the protection afforded by the specific endorsement is merely illusory. To permit such construction of the exclusion as appellant urges "would be to hoodwink most insurance purchasers, for it would make a nullity of most coverage. Purchasers believe, and with good reason, that they have bought insurance to protect themselves from precisely those degrees of negligence or outright carelessness that [laws and regulations] might condemn. Insurance is procured to protect the violator, and every violation cannot nullify coverage." *Ranger Ins. Co. v. Culberson*, 454 F2d 857, 864-865 (1971).

Contrary to appellant's contentions, we find that the general ex-

clusion precluding coverage if there is a violation of the laws governing the aerial application of pesticides conflicts with the specific endorsement affording coverage for damages arising from the aerial application of chemicals. "Thus we have a situation where one provision of the policy excludes liability and another accepts liability. Every written provision of an insurance contract must be given its apparent meaning and effect. [Cit.] [The provisions currently under consideration] are repugnant to one another. When that occurs in an insurance contract, the provision most favorable to the insured will be applied. [Cit.]" *Welch v. Gulf Ins. Co.*, 126 Ga. App. 115, 117 (190 SE2d 101) (1972). Accord *Cotton States Mut. Ins. Co. v. Crosby*, 149 Ga. App. 450 (254 SE2d 485) (1979), rev'd on other grounds, 244 Ga. 456 (260 SE2d 860) (1979).

In sum, "we feel that [appellant] contracted for precisely the matrix of risks that eventually came to fruition." Ranger Ins. Co. v. Culberson, supra at 867. Thus, the trial court did not err in ruling that, under the circumstances of this case, appellee Hilde was afforded coverage under the policy of insurance issued by appellant.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 4, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984

*Milton A. Carlton*, for appellant.
*W. T. Millican III, Francis W. Allen, Phillips D. Hamilton*, for appellees.