A95A1385. ISDOLL v. SCOTTSDALE INSURANCE COMPANY.
(466 SE2d 48)

POPE, Presiding Judge.

Plaintiff Mary Isdoll appeals the trial court's denial of her motion for summary judgment and the trial court's grant of summary judgment to defendant Scottsdale Insurance Company. We affirm the trial court's grant of summary judgment to Scottsdale regarding Isdoll's claim for attorney fees, but we reverse the remainder of the judgment.

Isdoll was an inmate in the City of Forest Park's jail. On September 2, 1987, one of her jailers, Jack McBerry, sexually assaulted her. Following the assault, Isdoll filed suit under 42 USC § 1983 and state law in the United States District Court for the Northern District of Georgia against Forest Park, McBerry and two other individuals not relevant to this appeal. The federal lawsuit was tried before a jury with McBerry in default, and resulted in a $100,000 verdict against McBerry and a $200,000 verdict against Forest Park. In addition, costs in the amount of $8,682.84 and attorney fees in the amount of $54,111.50 were assessed jointly and severally against Forest Park and McBerry. Forest Park filed an appeal with the Eleventh Circuit Court

of Appeals, but the appeal was dismissed after Forest Park entered into a settlement agreement with Isdoll for $175,000.

Scottsdale insured Forest Park's police department during the time period including September 1987. It denied coverage for Isdoll's claim. Following her settlement with Forest Park, Isdoll filed the lawsuit, which is the subject of this appeal, against Scottsdale to recover the balance of the judgment she obtained against Forest Park, her judgment against McBerry, and the attorney fees she incurred in pursuing this case. After Scottsdale answered Isdoll's complaint denying liability, both parties moved for summary judgment. The trial court granted Scottsdale's motion and denied Isdoll's motion. On appeal, Isdoll contends that the trial court erred in determining that the insurance policy issued to Forest Park did not cover McBerry, and that Isdoll was not entitled to attorney fees. Isdoll has not appealed the trial court's decision that Scottsdale is not liable for the balance of the judgment she obtained in federal court against Forest Park.

1. Isdoll contends that the trial court erred in determining that the insurance policy Scottsdale issued to Forest Park did not cover McBerry in this case because McBerry's actions against her constituted a wilful violation of a penal statute, and because her injuries did not arise out of the performance of McBerry's law enforcement duties. We agree.

The insurance policy in this case states that Scottsdale "will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages because of WRONGFUL ACT(S) which result in . . . PERSONAL INJURY . . . caused by an OCCURRENCE and arising out of the performance of the INSURED'S duties to provide law enforcement and/or other departmentally approved activities. . . ." "Insured" is defined to include Forest Park "and all full or part-time . . . law enforcement officers of [Forest Park]." "Occurrence" is defined as "an event . . . which results in PERSONAL INJURY . . . sustained during the policy period, by any person . . . and arising out of the performance of the INSURED'S law enforcement duties." Finally, "personal injury" is defined to include "assault and battery . . . and [the] violation of [a person's] civil rights protected under 42 USC § 1981 et sequential or State Law. . . ."

Both parties agree that McBerry clearly fits within the definition of an "insured" as set forth above. Even so, Scottsdale contends that McBerry is not covered by the policy because his actions constituted a wilful violation of a penal statute. Although it is true that the policy contains an exclusion for "damages arising out of the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of any INSURED . . . ," that exclusion conflicts with the specific endorsement affording coverage for personal injury, including

assault and battery and civil rights violations, which by their very nature involve wilfulness. "Thus we have a situation where one provision of the policy excludes liability and another accepts liability. Every written provision of an insurance contract must be given its apparent meaning and effect. The provisions currently under consideration are repugnant to one another. When that occurs in an insurance contract, the provision most favorable to the insured will be applied. *Welch v. Gulf Ins. Co.*, 126 Ga. App. 115, 117 (190 SE2d 101) (1972). Accord *Cotton States Mut. Ins. Co. v. Crosby*, 149 Ga. App. 450 (254 SE2d 485) (1979), rev'd on other grounds, 244 Ga. 456 (260 SE2d 860) (1979)." (Punctuation omitted.) *United States Fire Ins. Co. v. Hilde*, 172 Ga. App. 161, 164 (2) (322 SE2d 285) (1984). Accordingly, we conclude that the trial court should not have granted summary judgment to Scottsdale on the ground that the policy's exclusion clause barred Isdoll's recovery in this case.

Under the above rationale, we also conclude that there is no merit to Scottsdale's contention that Isdoll is barred from recovery under the policy because her injuries did not arise out of the performance of McBerry's law enforcement duties. McBerry was, at the time of the incident, performing his duties as a jailer and took advantage of his position to accomplish his ends. Moreover, Scottsdale's contention is not consistent with the very purpose of the insurance policy as it relates to coverage for assault and battery and civil rights violations. It could always be argued that assault, battery and civil rights violations do not arise out of the performance of one's duties, yet to accept that argument in this case would make coverage for such actions merely illusory, despite the fact that such coverage is expressly provided for in the policy. Whenever the phrasing of an insurance policy is so confusing that an average person could not make out the boundaries of the coverage, there is a genuine ambiguity in the policy. See *Ga. Baptist Children's Homes &c. v. Essex Ins. Co.*, 207 Ga. App. 346, 347 (427 SE2d 798) (1993); *Gary L. Shaw Builders v. State Auto. Mut. Ins. Co.*, 182 Ga. App. 220, 224 (355 SE2d 130) (1987). In the case of ambiguity, the insurance contract must be construed against the drafter — in this case Scottsdale. See *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 557 (307 SE2d 499) (1983).

Based on the above, we hold that Isdoll is not barred from recovery in this case by either the policy terms or exclusion set forth above, and that the trial court erred in ruling to the contrary.

2. We also agree with Isdoll that the trial court erred in determining that she was barred from recovery based on McBerry's failure to request coverage under the policy. The rule that coverage must affirmatively be requested is not applicable in an employer/employee context where the employer is potentially vicariously liable for the

actions of its employee, and the employer, though not the employee, elects coverage. See *Adwater v. Ga. Ins. Co.*, 170 Ga. App. 29, 31 (316 SE2d 2) (1984). Contrary to Scottsdale's assertion, Isdoll's federal lawsuit did involve vicarious liability premised on state law, and in fact Isdoll was successful in obtaining a judgment against Forest Park in federal court under that theory of liability. Thus, we conclude that Isdoll's recovery under the policy is not barred as a matter of law by McBerry's failure to affirmatively elect coverage. See generally *Starnes v. Cotton States Mut. Ins. Co.*, 194 Ga. App. 320 (2) (390 SE2d 419) (1990).

3. Finally, we reject Isdoll's contention that she is entitled to attorney fees in this case. The attorney fees she was awarded in federal court were assessed jointly and severally against Forest Park and McBerry, and thus were encompassed in the settlement agreement she reached with Forest Park. We also find no merit to Isdoll's contention that she is entitled to additional attorney fees from Scottsdale under 42 USC §§ 1983 and 1988. It is undisputed that Scottsdale has not been accused of any civil rights violations, and the claims Isdoll has made against Scottsdale in this case are contractual in nature and totally discrete from her civil rights claim against McBerry. Thus, we conclude that the trial court properly granted defendant's motion for summary judgment as to the matter of attorney fees.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Ruffin, J., concur.*

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995 —

*Ralph S. Goldberg*, for appellant.
*Chambless, Higdon & Carson, Mary M. Katz*, for appellee.

