**In the Matter of Tracy S. SORROW and Peggy L. Sorrow, Debtors.**

**No. 99–30390.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Aug. 9, 2000.

Barry Gordon Irwin, Athens, GA, for Debtors.

Ernest V. Harris, Athens, GA, for Chapter 7 Trustee.

### *MEMORANDUM OPINION*

ROBERT F. HERSHNER, Jr., Chief Judge.

Ernest V. Harris, Chapter 7 Trustee, filed on March 13, 2000, an Objection to

Amended Claim of Exemptions. A hearing was held on May 11, 2000. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Kalista Sorrow is the daughter of Tracy S. Sorrow and Peggy L. Sorrow, Debtors. Kalista Sorrow was injured in an automobile accident allegedly caused by the negligence of William Joshua Cartledge. Substantial medical expenses were incurred in treating Kalista Sorrow's injuries. Kalista Sorrow was a minor at the time of the accident, which occurred in November of 1997.

█ On March 11, 1999, the Hospital Authority of Clarke County, Georgia, filed a hospital lien in the amount of $17,663.75 for the care and treatment it provided to Kalista Sorrow.[1]

Debtors filed a petition under Chapter 7 of the Bankruptcy Code on March 29, 1999. In their bankruptcy schedules, Debtors listed $37,351 in unsecured obligations. Most of Debtors' obligations arose from their daughter's medical expenses. Debtors did not schedule any secured or priority obligations. The Court entered an order on July 12, 1999, granting Debtors a discharge under section 727 of the Bankruptcy Code. Kalista Sorrow reached the age of eighteen in July of 1999.

Trustee is the duly appointed Chapter 7 trustee of Debtors' bankruptcy estates. Trustee filed a complaint against Mr. Cartledge to recover, on behalf of the bankruptcy estate, the medical expenses incurred in treating Kalista Sorrow's injuries. Mr. Cartledge, or his insurance company, agreed to pay $22,500 to settle Trustee's complaint. The Court entered an order on July 19, 2000, approving the settlement.

Debtors filed on March 13, 2000, amendments to their bankruptcy schedules. In their amended schedule of personal property, Debtors list a personal injury claim in the amount of $100,000 against Mr. Cartledge. Debtors assert that they believe that the personal injury claim belongs to their daughter, Kalista Sorrow, but that Debtors have been "informed" that Debtors may own the cause of action.

In their amended schedule of property claimed as exempt, Debtors seek to exempt a total of $25,000 of the personal injury claim. Debtors contend that they can exempt $10,000 under Georgia's "wild card exemption"[2] and $15,000 under Georgia's personal injury exemption.[3]

█ "The State of Georgia has 'opted out' of the federal exemptions provisions. O.C.G.A. § 44–13–100(b)." *In re Williams*, 197 B.R. 398, 402 (Bankr. M.D.Ga.1996).

The Georgia Code provides, in relevant part, as follows:

**44–13–100. Exemptions for purposes of bankruptcy and intestate insolvent estates.**

(a) In lieu of the exemption provided in Code Section 44–13–1, any debtor who is a natural person may exempt, pursu-

---

1. *See* O.C.G.A. § 44–14–470 (Supp.1999). A hospital has a lien on all causes of action held by the injured party against the tort feasor. The lien attaches at the moment the injured party receives treatment by the hospital. *See Macon–Bibb County Hospital Authority v. National Union Fire Insurance Co.,* 793 F.Supp. 321 (M.D.Ga.1992).

2. O.C.G.A. § 44–13–100(a)(6) (Supp.1999).

3. O.C.G.A. § 44–13–100(a)(11)(D) (Supp. 1999).

ant to this article, for purposes of bankruptcy, the following property:

(1) The debtor's aggregate interest, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or, a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor;

. . . .

(6) The debtor's aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property;

. . . .

(11) The debtor's right to receive, or property that is traceable to:

. . . .

(D) A payment, not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

O.C.G.A. § 44–13–100(a)(1), (6), (11)(D) (Supp.1999).

■ Trustee has the burden of proving that Debtors' exemptions are not properly claimed. Fed. R. Bankr.P. 4003(c).

■ "No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property 'from property of the estate'; obviously, then, an interest that is not possessed by the estate cannot be exempted." *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991).

In *Cotton States Mutual Insurance Co. v. Crosby,* the Georgia Court of Appeals stated:[4]

> Georgia law gives the injured child her right to damages for her injuries including punitive damages, but a parent's right to sue for his own benefit for a tort to a minor child is limited to a suit for loss of services and necessary expenses caused by the child's injuries. There is no independent right of action available to a parent who is not present at an incident in which his child is injured by the negligence of another.

254 S.E.2d at 487.

■ In the case at bar, Debtors' daughter, Kalista Sorrow, was injured in an automobile accident. Under Georgia law, the personal injury claim belongs to Kalista Sorrow. Debtors did not suffer any personal injury and have no personal injury claim to exempt. The Court is persuaded that Debtors' exemptions are not properly claimed and that Trustee's objection should be sustained.

An order in accordance with this memorandum opinion will be entered this date.

---

**4.** 149 Ga.App. 450, 254 S.E.2d 485, *rev'd in part on other grounds,* 244 Ga. 456, 260 S.E.2d 860 (1979).